IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-079-CR





ROBERT ARREDONDO, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT


NO. 89-722-K368, HONORABLE BURT CARNES, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of burglary of a habitation, Tex. Penal
Code Ann. § 30.02(a)(1) (West 1989), the jury assessed punishment at seventy years'
confinement. In a single point of error, appellant asserts that the court erred in admitting into
evidence at the punishment phase of the trial extraneous, unadjudicated offense, and their details
over timely objection. We will reverse the trial court's judgment and remand for a new hearing
on punishment.

 Appellant's point of error raises the issue of whether the 1989 amendment to Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1993) permits evidence of extraneous
offenses other than final convictions at the punishment stage of the trial in noncapital offenses. (1)

 The pertinent portion of art. 37.07, § (3)(a), amended effective September 1, 1989,
provides:


 Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may, as permitted by the Rules of Evidence, be offered by the state
and the defendant as to any matter the court deems relevant to sentencing,
including the prior criminal record of the defendant, his general reputation and his
character. The term prior criminal record means a final conviction in a court of
record, or a probated or suspended sentence that has occurred prior to trial, or any
final conviction material to the offense charged.



(Emphasis reflects portion added by amendment).

 Over the appellant's objection, the court admitted evidence at the punishment phase
of the trial of an aggravated robbery in which the complaining witness identified the appellant as
the person who robbed her. It is undisputed that this is an extraneous unadjudicated offense that
occurred three days prior to the instant offense.

 The Court of Criminal Appeals, in Grunsfield v. State, No. 1037-91 (Tex. Crim.
App., October 28, 1992), affirming Grunsfield v. State, 813 S.W.2d 158 (Tex. App.--Dallas
1991), held that evidence of extraneous unadjudicated offenses was improperly admitted during
the punishment phase of a noncapital case. The court, in construing art. 37.07, § (3)(a), reasoned
that in giving "meaning to the provision as a whole," evidence of extraneous unadjudicated
offenses does not come within, "the court's historical construction of the term prior criminal
record." The court remanded the cause to the trial court for further proceedings consistent with
Tex. Code. Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993). (2)

 The State urges that appellant failed to preserve error for review by not obtaining
an adverse ruling to his objection. In Cook v. State, 741 S.W.2d 928, 939 (Tex. Crim. App.
1987), the only response defense counsel received from the court to his objection to the
prosecutor's argument was, "Counsel stay within the record, please." The court held that in order
to preserve error for review a defendant must pursue his objection until an adverse ruling is
received.

 Prior to the beginning of the punishment phase of the trial, in a hearing out of the
presence of the jury, the prosecutor made it known that the State intended to introduce evidence
of an extraneous aggravated robbery offense. Defense counsel objected "to the introduction of
any extraneous offense . . . he certainly hasn't been convicted . . . it doesn't fall under the
exception of prior criminal record." The court stated that it felt it would be helpful to hear the
evidence surrounding the extraneous offense before making a ruling. Out of the presence of the
jury, Pam Arwood identified appellant as the person who robbed her at gunpoint at her video store
on October 19, 1989. At the conclusion of Arwood's testimony, defense counsel again voiced the
objection that an unadjudicated extraneous offense is not admissible at the punishment phase of
the trial. The court responded that it would "allow the evidence in." When Arwood was called
in the presence of the jury, defense counsel again objected to evidence of extraneous offenses and
the court overruled the objection. At the conclusion of Arwood's testimony, appellant's motion
that all the testimony "from this witness be stricken from the record" was overruled by the court. 
Unlike Cook, we find that appellant received adverse rulings from the court on his objections.

 After the Grunsfield court determined that unadjudicated extraneous offenses were
not admissible at the punishment phase of the trial, the court stated that it became necessary to
determine whether the error requires remand to the trial court for a new hearing on punishment
under Tex. R. App. P. 81(b)(2). Rule 81(b)(2) provides that an appellate court will reverse the
judgment under review "unless the appellate court determines beyond a reasonable doubt that the
error made no contribution to the conviction or to the punishment." The only prior offense for
which appellant was shown to have been convicted was misdemeanor possession of marihuana. 
We are unable to determine beyond a reasonable doubt that the trial court's error in allowing the
jury to hear testimony about the unadjudicated offense of aggravated robbery made no contribution
to the punishment assessed. We sustain appellant's point of error.


 We reverse the trial court's judgment and remand the cause for further proceedings
pursuant to Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993).


 

 Tom G. Davis, Justice

[Before Justices Jones, B. A. Smith and Davis*]

Reversed and Remanded

Filed: January 13, 1993

[Do Not Publish]





































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Tex. Code Crim. Proc. Ann. art. 37.071, § 2(a) (West Supp. 1993) addresses the matter
of evidence that may be introduced at the punishment phase in a capital case.
2.   Art. 44.29(b) provides for the retrial of the punishment phase of the trial where an appellate
court awards a new trial to a defendant on the basis of an error or errors made at the punishment
phase of the trial.